FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 JAN 29 AM 8: 32
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND E. DURANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-001 |
| | ) | (Formerly CR 106-124) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Raymond E. Durant, an inmate currently incarcerated at the Federal Medical Center in Butner, North Carolina, has filed with this Court a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On September 15, 2006, a federal grand jury indicted Petitioner on one count of bank robbery in violation of 18 U.S.C. § 2113(a). United States v. Durant, CR 106-124, doc. no. 1 (S.D. Ga. Sept. 15, 2006) (hereinafter "CR 106-124"). Pursuant to a negotiated plea agreement, Petitioner pled guilty to this sole charge on December 6, 2006. CR 106-124, doc. no. 14. The plea agreement contained an express appeal waiver provision, which stated in

pertinent part as follows:

> [T]he defendant as part of this agreement . . . expressly waives any and all rights conferred . . . to appeal any sentence imposed that is within the statutory range suggested by the [United States] Sentencing Guidelines.
>
> The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the suggested guideline range . . . .

Id. at 4. Petitioner further represented as part of his agreement that he:

> had the services of an attorney [he] believes to be competent; that [he] has met with said attorneys on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice . . . .
>
> . . . .
>
> [T]he defendant has been advised of the nature of the charge to which the plea of guilty is to be offered [and] of the maximum possible penalty provided by law . . . .

Id. at 7-8.

At the Rule 11 colloquy, the Honorable Dudley H. Bowen, Jr., United States District Judge, questioned Petitioner regarding the assistance he received from his attorney and the nature of his plea agreement. Specifically, Judge Bowen asked Petitioner whether he had been afforded enough time to discuss his case with his attorney, and Petitioner responded in the affirmative. CR 106-124, doc. no. 22, p. 6 ("Rule 11 Tr."). Petitioner also indicated to Judge Bowen that he was satisfied with his attorney's representation and preparation of the case. Id. Judge Bowen then proceeded to explain the maximum penalty that could be

2

imposed:

> Q: [I]n this matter the maximum penalty is a prison term of not more than twenty years, a fine of not more than $250,000, a term of supervised release of not more than three years, and a $100 special assessment. Are you aware of that maximum penalty?
>
> A: Yes, sir.

Id. at 8.[1] Judge Bowen proceeded to summarize Petitioner's plea agreement in relevant part as follows, which Petitioner indicated he understood.

> Q: You have . . . agreed to waive any right to appeal from any sentence imposed and to waive any habeas corpus or post conviction rights. However, there is a condition on that[,] which says if for some reason I were to impose a sentence that went above the guideline range in your case[,] you would get your right to appeal, not your habeas corpus right, but your right to file a direct appeal back. . . . Does my summary of your plea agreement agree with your understanding of it?
>
> A: Yes, it does.

Id. at 11-12. Judge Bowen then heard the testimony of Special Agent Paul Kabala, which established the factual basis for Petitioner's guilty plea. Id. at 13-17. Following this testimony, to which Petitioner stated he had no objection, Judge Bowen accepted Petitioner's guilty plea, which was duly entered. Id. at 18.

Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI") and determined that based on two admitted and countable prior robbery convictions under the Sentencing Guidelines, Petitioner qualified as a career offender, resulting in a base offense level of 32. PSI, ¶¶ 22, 26, 28. It was also recommended that Petitioner receive a three-level reduction for acceptance of responsibility,

---

[1]This same penalty was disclosed, in capital letters, on the first page of the plea agreement, which was signed and initialed by Petitioner. CR 106-124, doc. no. 14, p. 1.

3

resulting in a total offense level of 29. Id. ¶¶ 23, 24. Petitioner was also assigned a criminal history category of VI based on his status as a career offender. Id. ¶ 46. Petitioner's counsel objected to the PSI, particularly to Petitioner's classification as a career offender. PSI Add., p. 2. At Petitioner's sentencing held on March 28, 2007, Judge Bowen imposed a sentence of 156 months of imprisonment and 3 years of supervised release, along with a $5,000 fine and a $100 special assessment. CR 106-124, doc. nos. 17, 18.

Petitioner has now timely filed the instant § 2255 motion in which he seeks to have his conviction and sentence vacated based on the following allegations: (1) counsel was ineffective for failing to object to his sentencing as a career offender, and (2) counsel was ineffective for failing to discuss the effect of Petitioner's career offender status prior to entering his guilty plea. (Doc. no. 1, pp. 2, 7). Petitioner has also requested an evidentiary hearing to determine whether his plea was knowing and voluntary. (Doc. no. 4, p. 4). Respondent submits that Petitioner's claims are barred by his appeal waiver or are otherwise without merit. (Doc. no. 3, p. 7). The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised.

Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's claims are barred from review or otherwise affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

**B.  Effect of Waiver Contained in the Plea Agreement**

    **1.  Knowing and Voluntary Nature of Waiver**

Petitioner's claim that counsel was ineffective for failing to object to his sentencing as a career offender is barred by the waiver contained in his appeal agreement and is otherwise contradicted by the record. It is well-settled that a waiver of appeal[2] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the

---

[2]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993). Moreover, case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Id. at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004)

5

waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's first claim for relief is barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, the record before the Court clearly supports the conclusion that the plea agreement signed and verified by Petitioner fully set forth as a condition of his guilty plea that he was waiving any right to pursue a collateral attack of his sentence.[3] See CR 106-124, doc. no. 14, p. 4 ("The defendant . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed . . . ."). Judge Bowen reviewed the waiver provisions at the Rule 11 colloquy, and Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Rule 11 Tr., pp. 11-12. While Petitioner would have this Court ignore this response to Judge Bowen's question, "[s]olemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The Court is aware that Petitioner has challenged the assistance of counsel in entering into the plea agreement, a

---

[3]The fact that Petitioner has attempted to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counselduring sentencing." (citations omitted)).

6

claim that would, if found to have merit, cast doubt on whether Petitioner validly waived his right to collateral attack of his sentence. However, as discussed below, the Court determines that this claim is without merit, thus supporting the conclusion that Petitioner validly waived his right to collateral post-conviction attack of his sentence.

Even if Petitioner's claim was not barred by his knowing and voluntary waiver of his right to collateral review of his sentence, Petitioner's claim that counsel failed to object to his sentencing as a career offender is affirmatively contradicted by the record. As noted above, counsel for Petitioner specifically objected to the portion of the PSI that recommended sentencing Petitioner as a career offender. PSI Add., p. 2 ("The Defendant respectfully objects to his being classified as a career offender."). Thus, there is nothing in the record to support such a claim. Since Petitioner's claim that counsel was ineffective for failing to object to his sentencing as a career offender is barred by his valid collateral attack waiver and is otherwise affirmatively contradicted by the record, this claim for relief should be denied.

### 2. Ineffective Assistance of Counsel Claims Not Barred By Waiver

Notwithstanding the above analysis, Petitioner's remaining claim that counsel was ineffective for failing to discuss the effect of Petitioner's career offender status prior to entering his guilty plea is not barred by his appeal waiver because, under certain circumstances, ineffective assistance of counsel claims can survive a valid waiver. In particular, the Eleventh Circuit recognizes that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."

7

Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005); see also Vaca-Ortiz, 320 F.Supp.2d at 1365 ("[T]he court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver.").

Here, Petitioner's claim that counsel was ineffective for failing to explain the effect of his career offender status on his possible sentence is not barred by his appeal waiver because such a claim relates to the advice Petitioner received when he entered into the plea agreement. Indeed, Petitioner expressly states in his § 2255 motion that had he been aware of the effect that his career offender status would have on his sentence, he would have objected to this classification. (Doc. no. 1, p. 8). This argument is somewhat perplexing because, as already noted, Petitioner's counsel did in fact object to the career offender classification. PSI Add., p. 2. In any event, implicit in this argument is that Petitioner would not have entered into the plea agreement had counsel advised him of the effect of his career offender status on his sentence, thereby challenging the validity of the plea agreement itself.

That having been stated, to establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong

8

presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

9

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

The record before the Court affirmatively contradicts Petitioner's assertion that counsel was ineffective for failing to advise him as to the effect his classification as a career offender would have on the sentence imposed. First, as noted above, Petitioner represented to the Court as part of his plea agreement that "he had the services of an attorney [he] believe[d] to be competent" and that he had "met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice . . . ." CR 106-124, doc. no. 14, p. 4. Notably, Petitioner also represented to the Court as part of the plea agreement that he had "been advised of the nature of the charge to which the plea of guilty is to be offered [and] of the maximum possible penalty provided by law . . . ." Id. This penalty was also disclosed on the first page of Petitioner's plea agreement. Id. at 1. Thus, Petitioner's claim that he had not been advised of the enhanced sentence he could receive as a career offender is contradicted by the representations made in his plea agreement.

Petitioner's claim is also contradicted by the statements made at the Rule 11 colloquy. When asked by Judge Bowen whether he had been afforded sufficient time to consult with his attorney, Petitioner responded affirmatively. Rule 11 Tr., p. 6. He also indicated that he was satisfied with counsel's preparation and handling of his case. Id. Following these inquiries, Judge Bowen informed Petitioner of the maximum possible penalty he could receive, which accounted for his status as a career offender, and Petitioner indicated that he was aware of this possible sentence. Id. at 8. Thus, Petitioner's assertion that counsel was ineffective for failing to inform him of the effect of career offender classification on his sentence is contradicted by his statements in open court. While Petitioner would again have the Court ignore his responses to Judge Bowen's questions, as stated above, "[s]olemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Moreover, even if counsel failed to advise Petitioner of the maximum sentence he could receive, Judge Bowen more than adequately explained the maximum possible penalty to Petitioner at the Rule 11 colloquy, and no prejudice inured to him because of counsel's alleged errors. In sum, Petitioner's claim that counsel was ineffective for failing to advise him of the effect that his career offender classification would have on his sentence is contradicted by the record and is without merit. Accordingly, this claim for relief should also be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of January, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE